[ECF No. 4]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.195.61.8,**<br><br>**Defendant.** | Civil No. 21-16667 (RMB/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the "Motion for Leave to Serve a Third-Party Subpoena Prior to the Rule 26(f) Conference Subject to a Protective Order" [ECF No. 4] filed by Plaintiff Strike 3 Holdings, LLC. Plaintiff's motion alleges the John Doe defendant assigned to IP address 73.195.61.8 infringed its copyrighted works. Plaintiff's only identifying information for Defendant is the IP address. Accordingly, Plaintiff seeks limited discovery in advance of the Federal Rule of Civil Procedure 26(f) conference so that Plaintiff may obtain Defendant's name and address from his or her internet service provider ("ISP"), Comcast Cable ("Comcast"). The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED**.

**I.      BACKGROUND**

Plaintiff holds copyrights to a multitude of adult films and content. *See* Compl. ¶¶ 13–16 [ECF No. 1]. Plaintiff alleges Defendant used a file distribution network known as BitTorrent to copy and distribute Plaintiff's copyrighted works to others. *See id.* ¶¶ 17–26.

Plaintiff discovered Defendant's infringement through reports from its infringement detection system, "VXN Scan." *See* Compl. ¶¶ 27–28; Williamson Decl. ¶¶ 40–81 [ECF No. 4-2]. Using VXN Scan, Plaintiff initially identified Defendant while it was monitoring the BitTorrent file distribution network for the presence of potentially infringing transactions. Compl. ¶¶ 28–31; *see* Paige Decl. ¶¶ 12–14 [ECF No. 4-3]. Plaintiff's VXN Scan connected to an electronic device registered to Defendant's IP address. *See* Paige Decl. ¶¶ 15–18. After the connection, Defendant's IP address was then documented distributing Plaintiff's copyrighted content. *See id.* ¶¶ 18–26. Thereafter, Plaintiff filed suit against Defendant alleging direct infringement of its copyrighted works. *See* Compl. ¶¶ 47–52.

In order to identify the actual defendant, Plaintiff seeks leave to file a Rule 45 subpoena on Defendant's ISP, Comcast. *See* Pl.'s Br. at 3 [ECF No. 4-1]. The subpoena would direct Comcast to divulge "only the name and address" of the subscriber assigned the IP address at the "exact date and time" of one of the alleged instances of recorded infringement, subject to the terms of a protective order. *Id.* at 3, 21–24.

## II.   DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference in conformance with Rule 26(f). *See* FED. R. CIV. P. 26(d)(1). Nonetheless, in certain circumstances, a court "may grant [a party] leave to conduct discovery prior to" the Rule 26(f) conference. *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 47.20.202.138*, No. 16-942, 2016 WL 952340, at *1 (D.N.J. Mar. 14, 2016) (citing *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

To determine whether expedited discovery is appropriate, courts apply a "good cause" test. *Malibu Media, LLC v. Doe*, No. 15-8940, 2016 WL 614414, at *2 (D.N.J. Feb. 16, 2016); *Century Media, Ltd. v. John Does 1–77*, No. 12-3911, 2013 WL 868230, at *2 (D.N.J. Feb. 27, 2013). "Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Malibu Media*, 2016 WL 614414, at *1 (citations omitted). Further, courts should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens Defendant; and (5) whether Defendant can respond to the request in an expedited manner. *See Better Packages*, 2006 WL 1373055, at *3.

Plaintiff contends there is good cause for this Court to grant its motion because: (1) it makes a *prima facie* claim for direct copyright infringement; (2) the timing of its request in light of the formal start of discovery favors granting the relief; (3) it has narrowly tailored and identified the limited and specific information sought; (4) the purpose of the requested discovery and need for the information sought in order to advance its claim favors granting the relief; (5) the discovery does not burden Defendant or require Defendant to respond in an expedited manner; (6) there are no alternative means to obtain Defendant's true identity; and (7) Defendant's privacy interest is outweighed by Plaintiff's interest in protecting its copyrights. Pl.'s Br. at 8–21.

The Court finds Plaintiff has demonstrated good cause to serve a Rule 45 subpoena on Comcast prior to a Rule 26(f) conference. This ruling is consistent with holdings in similar cases. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at *11 (D.N.J. June 30, 2020) (finding good cause to permit the plaintiff limited expedited discovery); *Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98*, 98 F. Supp. 3d 693, 696 (D.N.J. 2015) (finding good cause to allow the plaintiff to discover the name and address of an IP subscriber);

*see also Malibu Media*, 2016 WL 614414, at *2; *Good Man Prods., Inc. v. Doe*, No. 14-7906, 2015 WL 892941, at *3 (D.N.J. Mar. 2, 2015).

However, Courts impose safeguards to protect the privacy rights of potentially innocent third parties. *See Strike 3 Holdings*, 2020 WL 3567282, at *11 (finding that "entry of a limited protective order strikes the right balance" between a defendant's privacy interests and a plaintiff's "right to pursue those who anonymously violate its intellectual property rights," while alleviating "any concerns about misidentification or privacy exposure"); *Manny Film*, 98 F. Supp. 3d at 696 (limiting the plaintiff's subpoena to only the name and address of the account holder and requiring that the ISP provide notice to the subscriber in order to provide the subscriber with an opportunity to challenge the subpoena before the ISP releases the information requested). The Court adopts the reasoning of these cases and, for the reasons that follow, the Court will grant Plaintiff's request for entry of a protective order and limit its discovery request to ensure that an innocent party is not unduly burdened.

The Third Circuit has long recognized a presumptive right of public access to judicial records and documents. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). While there is a presumptive right of public access to judicial proceedings and records, however, district courts have also recognized such right is not absolute; and further, that this presumption may be rebutted. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

To overcome the presumption of openness and to justify the entry of an order sealing judicial records requires a demonstration of two elements: (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking nondisclosure. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Once these elements are established, the Court must engage in a balancing process, weighing the

common law presumption of access against those factors that militate against access. *See In re Cendant Corp.*, 260 F.3d at 194; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (finding a presumption of access alone does not end a court's inquiry, as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted).

On September 30, 2016, the United States District Court for the District of New Jersey adopted Local Civil Rule 5.3, entitled "CONFIDENTIALITY ORDERS AND RESTRICTING PUBLIC ACCESS UNDER CM/ECF," which sets forth the relevant procedural rules for parties filing documents under temporary seal and empowers the Court to permanently seal documents.

Federal Rule of Civil Procedure 26(c)(1) provides, in relevant part, that a "court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Plaintiff Strike 3 Holdings, LLC has consented to the entry of this Protective Order.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **6th** day of **October**, **2021**, that Plaintiff's "Motion for Leave to Serve a Third-Party Subpoena Prior to the Rule 26(f) Conference Subject to a Protective Order" [ECF No. 4] is **GRANTED**; and it is further

**ORDERED** that Plaintiff may serve a Rule 45 subpoena on Comcast, Defendant's ISP, which assigned the IP address associated with Defendant—73.195.61.8. In the subpoena, Plaintiff may only request information regarding the name and address associated with the IP address. This Order shall be attached to the subpoena; and it is further

**ORDERED** that upon receipt of Plaintiff's subpoena, the ISP shall have thirty (30) days

to provide the IP subscriber with a copy of this Order and Plaintiff's subpoena. Upon receipt of the subpoena and this Order, the IP subscriber has thirty (30) days in which to file a motion to quash, move for a protective order, or seek other applicable relief. If the IP subscriber chooses to contest the subpoena, he/she must notify the ISP of his/her intent so that the ISP is on notice not to release personal information to Plaintiff until the issue is resolved by the Court; and it is further

**ORDERED** that if the IP subscriber does not contest the subpoena within thirty (30) days of receipt of the subpoena and this Order, the ISP shall provide Plaintiff with the requested information within twenty-one (21) days. Any information Plaintiff receives from the ISP may only be used for the purpose of protecting its rights as set forth in the complaint; and it is further

**ORDERED** that Plaintiff shall not publicly disclose any information identifying Defendant, and/or any person associated with Defendant or the IP address, including, but not limited to, alleged social media evidence, and alleged BitTorrent activity, absent express permission by this Court; and it is further

**ORDERED** that Plaintiff shall attach a copy of this Order along with the attached "Notice to Defendant" and "Anonymous *Pro Se* Defendant Information" form to any ISP subpoena or Amended Complaint served in this matter; and it is further

**ORDERED** that, in the event Defendant elects to (1) proceed anonymously, (2) files a motion to quash or otherwise modify the subpoena on the ISP, and (3) files an Anonymous *Pro Se* Defendant Form, the Clerk of the Court shall not file the Anonymous *Pro Se* Defendant Information form on the public docket but shall file that information under temporary seal until otherwise ordered by the Court. The Clerk shall file a redacted version of the Anonymous *Pro Se* Defendant Information form on the public docket, removing all information entered by Defendant; and it is further

**ORDERED** that Plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with Defendant (or any person associated with Defendant or the IP address), unless (1) that party is represented by counsel and (2) the defendant's counsel initiates settlement discussions.  On request of Plaintiff or an unrepresented party, submitted to the Court at any time, settlement shall be conducted under supervision of the Court.  This paragraph shall not prevent Plaintiff from responding to a request for settlement communications from a represented party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel; and it is further

**ORDERED** that Plaintiff shall only identity Defendant, and/or any person associated with Defendant or the IP address, with an appropriate "Doe" pseudonym in the captions of amended pleading(s) and any documents filed publicly with the Court; and it is further

**ORDERED** that all documents identifying Defendant and/or any person associated with Defendant or the IP address, including alleged social media evidence and alleged BitTorrent activity, shall only be filed in redacted form, with unredacted versions filed under temporary seal, pursuant to Local Civil Rule 5.3(c); and it is further

**ORDERED**  that, unless the parties agree otherwise, Plaintiff shall have primary responsibility for filing a single, consolidated motion on behalf of all the parties to permanently seal documents filed under temporary seal, pursuant to Local Civil Rule 5.3(c); and it is further

**ORDERED** that for purposes of calculating the deadline to file a single consolidated motion on behalf of the parties to permanently seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter, such motion shall be filed within fourteen (14) days of the expiration of the deadline to answer, move, or otherwise respond to the Amended Complaint; and it is further

**ORDERED** that if Defendant (and/or any person associated with Defendant or the IP address) declines, or does not respond to requests, to join in the motion to seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter by providing an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, based on personal knowledge, describing with particularity the factors outlined in Local Civil Rule 5.3(c)(3), Plaintiff shall promptly notify the Court and request a determination of whether the documents should nevertheless be permanently sealed; and it is further

**ORDERED** that after Defendant is served with process (or waives service of process), the parties shall meet and confer prior to the Rule 26(f) conference to discuss submission to the Court of (1) a proposed Discovery Confidentiality Order ("DCO") and (2) a proposed Electronically Stored Information ("ESI") Protocol. *See* L. CIV. R. 26.1(d); and it is further

**ORDERED** for good cause the Court reserves the right to amend or supplement this Order.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.

## **NOTICE TO DEFENDANT**

1. You are a defendant in the above-captioned case *Strike 3 Holdings, LLC, v. John Doe Subscriber Assigned IP Address 73.195.61.8*, No. 1:21-cv-16667-RMB-SAK, a case now pending before the Honorable Renée M. Bumb, U.S.D.J., and Sharon A. King, U.S.M.J., of the United States District Court for the District of New Jersey.

2. A copy of the Court's order setting forth certain deadlines and procedures related to this case is attached.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, please be advised that all communications with the Court should be directed through the Clerk of the Court. A copy of the Court's "Procedural Guide for *Pro Se* Litigants" is available at: https://www.njd.uscourts.gov/sites/njd/files/ProSePacket_1.pdf ("*Pro Se* Guide").

4. The Plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies by using an Internet Protocol address ("IP address") assigned to you by your Internet Service Provider ("ISP").

5. The Plaintiff may not know your actual name or address, but it has an IP address it alleges is associated with the alleged downloading and/or distribution of the movies.

6. Although the Court has permitted Plaintiff to serve a subpoena on your ISP to ascertain your identity, this does **not** mean that Plaintiff has proven its claim against you.

7. If you do not want your ISP to provide this information to the Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within thirty (30) days of the date that you receive notice of the subpoena from your ISP. This motion must be filed with the Clerk of the

Court. *See* L. CIV. R. 5.2(4); 7.1(d).  You must also serve Plaintiff's counsel with a copy of the motion. *See* FED. R. CIV. P. 5.  The Plaintiff's counsel in this matter is registered as an Electronic Case Filing ("ECF") User and, therefore, has consented to receive service of all papers *via* the Court's ECF System. *See* L. CIV. R. 5.2(14)(b)(1).  You may also register to receive documents concerning this case electronically using the "*Pro Se* (Non-Prisoner) Consent & Registration Form to Receive Documents Electronically" Form contained in the *Pro Se* Guide.

8. If you move to quash the subpoena, or otherwise move to prevent your name from being turned over to the Plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you must complete the "Anonymous *Pro Se* Defendant Information" form attached to this notice and file it with the Clerk of the Court.  You should not provide a copy of this form to Plaintiff's attorney or file it on the public docket.  This information is solely for use by the Court and the Court will not provide this information to Plaintiff's attorney unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. The Court has entered a Protective Order in this matter that prevents Plaintiff from publicly identifying you, or any person associated with you, other than in connection with pursing its claim in this matter.  Plaintiff is further required to file all documents identifying you, or any person associated with you, under a "temporary" seal, subject to "permanent" sealing by this Court. *See* L. CIV. R. 5.3(c).

11. Since the public has a presumptive right to access documents filed on the Court's docket, the Court must make a determination whether to permanently seal any documents filed with the Court based on a weighing of factors, specifically:

   a. The nature of the materials or proceedings at issue;

   b. The legitimate private and public interest which warrant the relief sought;

   c. The clearly defined and serious injury that would result if the relief sought is not available;

   d. Why a less restrictive alternative to the relief sought is not available;

   e. Any prior order sealing the same materials in the pending action; and

   f. The identity of any party or nonparty known to be objecting to the sealing request.

12. Although the Court has ordered Plaintiff to be primarily responsible for preparing the motion papers to request permanent sealing of documents, this Court's local rules require the above factors be set forth with particularity in an affidavit, declaration, certification, or other document of the type referenced in 28 U.S.C. § 1746, which must be made by a person with personal knowledge. L. CIV. R. 5.3(c)(3).

13. Accordingly, if you wish to defend this matter anonymously after the Plaintiff receives your identity from your ISP, you (or, if represented, your lawyer) should contact Plaintiff's counsel to assist in preparing such a document. Plaintiff's attorney's contact information is:

    John C. Atkin, Esq.
    The Atkin Firm, LLC
    55 Madison Avenue, Suite 400
    Morristown, NJ 07960
    Tel: (973) 314-8010
    Fax: (833) 693-1201
    JAtkin@AtkinFirm.com

14. The Court has ordered that, if you decline to contact Plaintiff's counsel or assist in the preparation of such a document, Plaintiff must promptly notify the Court and request a determination of whether any documents filed with the Court should nevertheless be permanently sealed.

15. The Court has ordered that Plaintiff may not initiate any settlement negotiations with you. If you are represented by counsel and you wish to discuss settlement of this matter, your attorney may initiate settlement negotiations with Plaintiff. If you are not represented by counsel and wish to discuss settlement of this matter, the parties may discuss settlement only under the supervision of the Court.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.195.61.8,**<br><br>　　　　**Defendant.** | Civil No. 21-16667 (RMB/SAK) |

**Anonymous *Pro Se* Defendant Information**

Name: _____

Address: _____

　　　　_____

Phone: _____

Email: _____

Signature: _____

Dated: _____